UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


DESHONNA MOSLEY                                        PLAINTIFF

VS.                          CIVIL ACTION NO. 3:17CV898TSL-RHW

HONOLULU WAVE EXPRESS, LLC,
HENRY WINSTON, RONALD EDWARD
JACKSON, SR., AND ANA D. MARSHALL            DEFENDANTS


                      ORDER TO SHOW CAUSE

     In accordance with the magistrate judge's order of January

15, 2019, plaintiff DeShonna Mosley was granted an extension of

time until March 14, 2019 to serve process.  There has been no

docket activity since entry of that order.  Accordingly, plaintiff

will be required to respond and show cause why this cause should

not be dismissed in its entirety for failure to timely serve

process on defendants.

     In "reluctantly" granting plaintiff "one final extension" of

time to serve process, Judge Walker detailed plaintiff's six

successive motions for extensions of time to serve process.  The

undersigned, having reviewed the record, would add the following.

First, the court is dubious as to whether proper service has been

obtained on defendant Henry Winston.  As to Winston, plaintiff

first reported she had "ascertained three potential addresses" for

Winston and but had not been able to pinpoint his location.  Later

she reported she had found a likely address for Winston in

Clarksville, Tennessee, but that efforts to serve him at that

address had been unsuccessful.  Additional investigation

supposedly led her to believe Winston was living in Chattanooga. Two weeks later, plaintiff filed a return purporting to reflect service on Winston at an address in Chattanooga, Tennessee. The return shows that the papers were left with someone named Dorothy Gonzales at 7235 Tyner Road. A notation on the return recites that Gonzales stated that Winston lived at the residence but was not present at the time. Given these circumstances, the court lacks confidence that Winston has been properly served.

Moreover, the undersigned is not persuaded that plaintiff, to date, has demonstrated good cause for her failure to serve Winston within the ninety days for service provided by Federal Rule of Civil Procedure 4(m). There is nothing in the record to show that plaintiff made any effort to locate or serve Winston within time for service or even within a reasonable time thereafter. Notably, in her first three motions for extensions of time to serve process, she did not request additional time to serve Winston and, in fact, did not even mention Winston.

The court is also unpersuaded that plaintiff has, to date, shown good cause for failing to timely serve defendant Ana Marshall. Despite having filed six motions for extension of time, plaintiff has never offered more than a simple remark – without elaboration or explanation – that she has no address for Marshall. She has not demonstrated what efforts, if any, were ever made to

locate and serve Marshall, when any such efforts were made and if any efforts were in fact made, why they were unsuccessful.[1]

Lastly, while plaintiff did establish good cause to extend the time for service on Ronald Jackson – which is clearly why the magistrate judge granted her requests for extensions – plaintiff has reported that she was ultimately unable to serve Jackson as Jackson was reportedly deceased. In her most recent motion, plaintiff stated that she wanted time to verify that Jackson is, in fact, deceased. Presumably she has had more than sufficient time to accomplish this.

In light of all of the foregoing, it is ORDERED AND ADJUDGED, that on or before April 10, 2019, plaintiff shall show good cause, in writing, why this case should not be dismissed as to each defendant for failure to serve process as required by the Federal Rules of Civil Procedure.

SO ORDERED this 1st day of April, 2019.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1]     Plaintiff stated in her May 2018 motion that she had been unable to get any address for Marshall; she did not mention Marshall in her July 2018 motion; she repeated in her September 2018 motion that she had no address for Marshall; and she did not mention Marshall in her November 2018 motion. In her January 2019 motion, she asked for more time so she could "obtain information on [Marshall] in order to serve [her], which may include which the issuance of a subpoena to the insurance company in order to find the last-known address and other information related to this individual." Assuming this was a viable way to find Marshall, plaintiff does not say why she could not have done this sooner.